*228 Tbe opinion of tbe Court was delivered by
Wardlaw, J.
Tbe plaintiff’s attorney, when be filed tbe declarations in these two cases, no doubt expected they would proceed pari passu, and under that expectation gave to the clerk bis directions about docketing. If the issues in the two cases bad been joined at tbe same time, the directions of the plaintiff’s attorney ought to have been regarded by the clerk, and in default of all directions, the discretion of the clerk would have determined the order of cotemporaneous issues on the docket. When the defendant’s attorney departing from the course which was expected, pleaded in the first named case, and declined to plead then in the other, the plaintiff’s attorney might probably have still attained his wish concerning the order of the cases on the docket by delaying the entry of the similiter in the first named case. But the similiter having been entered, the issue in the first named case was made up, the plaintiff’s attorney was then (and not before) entitled to the possession of the papei\ record, (66th Rule of Court) and the parties were bound to come to trial at the next term, without notice of trial. (24th Rule.) The clerk was consequently bound to docket the case, (Rules 17, 20), and even without possession of the record might well have done so from his Book of Rules. (11 Stat. 71, § 8 and 3.) The subsequent joinder of issue in the other case in no way affected the rights of parties in the first named case, and the questions of precedence between these two cases is the same as it would be between two other eases in which all the parties are different. The clerk is bound to prepare the docket before the meeting of the Court on the first day of the term. (17th Rule.) No earlier time is prescribed to him, but it does not follow that he can regulate the order of cases at his pleasure. The trial of causes must be in the order of the docket (Rule 18th); that order then is of material importance, and in the absence of other rules, equality amongst suitors and encouragement of diligence suggest the order of *229 time as the most natural, just and expedient rule for settling the order of precedence on the docket.
The English practice of withdrawing a record is inapplicable to our rules and has reference to a time subsequent to the entry or docketing of the cause. (Arch. Pr. 168.)
This Court is then of opinion that there was no error- in the ruling of the Circuit Judge, and the motion is dismissed,
O’Neall, Withers, Whitner, G-lover and Munro, JJ., concurred.
Motion dismissed.